WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Jenkins,<br><br>          Plaintiff,<br><br>v.<br><br>Western Alliance Bank, et al.,<br><br>          Defendants. | No. CV-24-00152-PHX-JAT<br><br>**ORDER** |

On November 4, 2024, the Court ordered Defendant to file a status report by September 15, 2025. Defendant failed to comply.

On September 25, 2025, the Court ordered: "Defendants and Plaintiff must file a joint status report by September 29, 2025. **If no status report is filed by this deadline, this case will be dismissed without prejudice. This admonition applies to all required status reports going forward.**" (Doc. 26 at 3 (emphasis added)). The parties filed a status report on September 29, 2025.

On October 1, 2025, the Court ordered the parties to file a joint status report by February 13, 2026. (Doc. 28 at 2). The Court further admonished the parties, "Additionally, as stated in the Order at Doc. 26, if the parties fail to file a status report, this case will be dismissed." (*Id*.). The parties failed to file a status report by February 13, 2026.

The Court has considered the factors in *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court finds that the factors weigh in favor of dismissal for failure to

comply with a court order.[1] *See* Fed. R. Civ. P. 41(b).  The Court has attempted, twice, the less drastic action of warning the parties that they must comply with Court orders, but this less drastic action has been unsuccessful.  The Court's need to manage its docket and the public's interest in expeditious resolution of cases both favor dismissal for the reasons stated in the Orders at Doc. 16, n. 1, Doc. 26, and 28. *See, e.g.,* Doc. 26 at 2 ("The Court's ability to manage its docket is undermined when the parties fail to comply with a Court order that requires the simple task of timely filing a status report.").

Based on the foregoing,

**IT IS ORDERED** lifting the stay in this case.

**IT IS FURTHER ORDERED** dismissing this case, without prejudice, for failure to comply with a Court order; the Clerk of the Court shall enter judgment accordingly.

Dated this 18th day of February, 2026.

James A. Teilborg
Senior United States District Judge

---

[1] Typically, the factor of "public policy favoring disposition of cases on their merits" does not favor dismissal.  Here, however, this case will be resolved on the merits in arbitration.  Thus, this factor does not weigh against dismissal.